## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF UTAH
## SUMMIT DIVISION

| | |
|---|---|
| **MARCUS MAIR, on behalf of himself, and all others similarly situated** | Case No. _____ |
| *Plaintiffs,* | **COMPLAINT** |
| vs. | **Class Action** |
| **UNITED SPECIALTY INSURANCE COMPANY** | |
| | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

### CLASS ACTION COMPLAINT

Comes now, Marcus Mair, on behalf of himself, and all others similarly situated ("Plaintiffs"), by and through the undersigned counsel, and files this Class Action Complaint against United Specialty Insurance Company ("Defendant" or "USIC") and alleges as follows:

### INTRODUCTION

1. This is a class action whereby Plaintiffs seek a declaratory judgment that Defendant breached its contract by refusing to reimburse or refund Plaintiffs for the loss of use of ski passes insured by Defendant.

2. Plaintiffs purchased insurance from Defendant to protect against the risk of not being able to use purchased ski passes. The insurance policy expressly provides coverage for Plaintiffs who were not able to use the ski passes due to a covered peril, and represents to refund Plaintiffs for the cost of their ski pass minus the applicable daily rate or pro-rata reduction for each day that Plaintiff used their ski pass during the 2019/2020 ski season.

3. Defendant is in material breach of the policy by failing to refund Plaintiffs who were unable to use their ski passes for reasons related to the COVID-19 pandemic.

1

4. Defendant has caused material harm to Plaintiffs by improperly failing to make payment.

5. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs seek to recover compensatory damages as well as declaratory and injunctive relief.

## PARTIES

6. Plaintiff Marcus Mair is a citizen of the United States residing in Park City, Utah in Summit County. Marcus Mair purchased a policy from Defendant in the 2019/2020 ski season for ski pass insurance.

7. Defendant USIC is a property casualty insurance company incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas at 1900 L Don Dodson Drive, Bedford, Texas 76021.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the proposed class contains more than 100 members.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within Utah such that Defendant has significant, continuous, and pervasive contacts with the State of Utah.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## CLASS ACTION ALLEGATIONS

11. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4), Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks to represent the following class:

12. All persons who purchased both an Epic Pass for the 2019/2020 ski season and purchased from Defendant pass insurance on their Epic Pass, but were denied coverage for the loss of use of their passes after the resorts closed on March 15, 2020 due to no fault of their own.

13. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiffs' counsels' firms, any Judge to whom this case is assigned, and his or her immediate family.

14. Plaintiffs' claims satisfy the numerosity, typicality, adequacy, commonality and superiority requirements under Federal Rule of Civil Procedure 23, as set forth more fully herein.

15. The persons who fall within the class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable.

16. Class members are readily ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can readily be provided to the class.

17. There are questions of law and fact common to the claims of Plaintiff and the class that predominate over any questions affecting only individual class members. The

questions of law and fact arising from Defendant's actions that are common to the class include, without limitation:

    A)    Whether the order and directive from the CEO for Vail Resorts closing all its resorts in the United States constituted a quarantine under the terms of the Policy because it was "an unforeseen event, occurrence, or circumstance" that restrained class-members from entering upon and using the facilities of Destination Resorts for the purposes permitted by the Epic Pass;

    B)    Whether governmental orders applicable to class members were an "unforeseen event, occurrence, or circumstance" that constituted a quarantine by restraining class members from traveling to Destination Resorts, engaging in activities, and using the Epic Pass for its intended purpose;

    C)    Whether Defendant breached the terms of the Class Policies;

    D)    Whether the class sustained damages as a result of Defendant's breaches of contract;

    E)    Whether the class is entitled to damages, restitution, and/or other equitable relief; and

    F)    Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

18.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

19.    Plaintiff's claims are typical of the claims of the class in that Plaintiff and the class members all purchased ski pass insurance policies containing the same or similar terms including, in particular, what constitutes a Covered Peril.

20.    Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class, and he is represented by counsel who are experienced and competent in the

prosecution of class action litigation, and have particular expertise with class action litigation on behalf of purchasers of insurance policies.

21. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the class to bring a separate action. Because of the relatively small size of individual class members' claims, absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## FACTUAL BACKGROUND

### Introduction

22. Defendant USIC provides season ski pass insurance coverage whereby it promises its insureds coverage against loss of use of the insured's season ski pass.

23. Upon information and belief, Defendant USIC provides this insurance service to customers of Vail Corporation d/b/a Vail Resorts Management Company ("Vail Resorts"), a North American company that operates more than 34 ski resorts throughout the United States. Vail Resorts sells "Epic Passes" directly to consumers promising access to skiing and snowboarding at its resorts. Customers can purchase annual, weekly, or daily Epic Passes in advance.

24. Vail Resorts offered Epic Pass insurance through Defendant USIC for customers that wished to mitigate the risk that they may be unable to realize the full use of their Epic Pass

for reasons outside of their control. Upon information and belief, thousands of customers purchased optional pass insurance through USIC.

25. On September 21, 2019, Class Plaintiff Marcus Mair purchased an Epic Pass (specifically a Vail Local Pass) and Pass insurance through Defendant. Plaintiff purchased the Epic Pass with the understanding that he would be able to access Vail Resorts from October 2019 through the end of the season. To ensure he would be able to get a refund if he was unable to get full use of the pass, Mr. Mair opted to pay an additional fee for pass insurance.

26. On March 15, 2020, Vail Resorts announced that it was closing all of its mountain resorts indefinitely. Subsequently, Vail Resorts announced that its "North American resorts and retail stores will remain closed for the 2019-20 winter ski season."[1] Rob Katz, chairman and chief executive officer of Vail Resorts, explained the company was ending the skiing season early due to the fast-moving situation involving COVID-19. *Id.*

27. The Governor of Colorado, the Governor of Utah, and the President of the United States all issued various orders, limiting human contact and restricting travel and activities to only those considered essential. Skiing and snowboarding are considered non-essential activities.

28. As a result of the closures and quarantine related restrictions, Plaintiff was restrained from entering upon and using the facilities of any of the Vail Resort properties and deprived of the use of his Epic Pass. The Governor of Utah also issued "Stay Home" Orders, directing all Utah residents to limit travel only to essential activities.[2]

29. On June 10, 2020, Plaintiff timely provided notice and made a claim to American Claims Management, Inc. ("ACM"), the third-party claims administrator for the Pass Insurance

---

[1] https://www.snow.com/info/covid-19-update (last accessed May 14, 2020).
[2] https://coronavirus.utah.gov/special-orders/, *See* Stay at Home Declaration.

6

Program. Any documentation requested was provided to ACM within 90 days after the Covered Loss occurred.

30. On June 15, 2020, ACM informed Plaintiff that Defendant USIC was denying coverage because the "Effective Date of Coverage" ended on March 15, 2020 when the resort closed, and that Plaintiff must provide a Physician's Orders stating that a physician placed the Plaintiff in quarantine. *See* **Exhibit A**.

### The Class Policy

31. Plaintiffs purchased insurance from Defendant to protect against the risk of not being able to use the ski passes. A true and accurate copy of the Certificate of Season Ski Pass Insurance ("Certificate") is attached hereto as **Exhibit B** and is incorporated herein by reference.

32. The terms of the Policy were not subject to individual negotiation, and upon information and belief are materially the same for all policy owners ("Class Policy").

33. Plaintiffs are the owners of a Class Policy, which was in force at the time of the alleged loss.

34. Defendant is the liable insurer under the Class Policy.

### Terms of the Policy

35. The Policy and Class Policy offers the following coverage:

> **PROPERTY INSURED AND COVERAGE LIMITS**:
> We cover the Season Ski Pass Cost you paid. We cover you against the risk of not being able to use your Season Ski Pass due to a covered peril. We will reimburse you for the Season Ski Pass Cost minus the applicable Daily Rate or Pro- Rata reduction (for the Epic Day Pass) for each day (or portion thereof) that you have used your Season Ski Pass during the Ski/Snowboard Season.

36. The Policy and Class Policy defines a "Covered Peril" as follows:

> **PERILS INSURED AGAINST**: Subject to the Exclusions and Coverage Limits, the Insured has coverage against Loss of use of your Season Ski

       Pass if caused by any one of the following unforeseen perils occurring after the effective date of coverage:
       a) Sickness, Injury or death of you or a family member;
       b) You have a Pregnancy or Childbirth verified by medical records; coverage is included for pregnant Season Ski Pass Holder's spouse of domestic partner and minor child;
       c) Your primary residence being made Uninhabitable by Natural Disaster;
       d) The Destination Resort closes indefinitely due to a Natural Disaster;
       e) You are subpoenaed, required to serve on a jury, hijacked, **quarantined** or your travel visa is denied; (perils f – j omitted) (emphasis added)

37. The Policy does contain a definition section, but the Policy fails to define "quarantined." A quarantine is generally defined as "to isolate from normal relations or communication,"[3] and "a restriction on the movement of people and goods which is intended to prevent the spread of disease or pests. It is often used in connection to disease and illness, preventing the movement of those who may have been exposed to a communicable disease, but do not have a confirmed medical diagnosis."[4]

38. The Policy contains no applicable exclusions for viruses, pandemics, related government orders or actions taken by Vail Resorts, independently or pursuant to such government orders.

39. The Policy defines a Loss as follows:

    **LOSS**: Means your inability to use your season Ski Pass due to an unforeseen event, occurrence or circumstance.

## CAUSES OF ACTION

### Count I: Breach of Contract

40. The preceding paragraphs 1 – 39 are incorporated by reference herein.

---

[3] https://www.merriam-webster.com/dictionary/quarantine
[4] https://en.wikipedia.org/wiki/Quarantine

8

41. Plaintiff and the proposed class members purchased ski pass insurance from Defendant.

42. The Policy and Class Policies are valid and enforceable contracts between the Defendant and Plaintiff and proposed class members.

43. Plaintiff and the proposed class members substantially performed their obligations pursuant to the terms of the Policy and Class Policies.

44. Plaintiff and the proposed class members suffered a Loss from a Covered Peril as they are defined under the Policy and Class Policies.

45. Defendant has failed to compensate Plaintiff and proposed class member for their respective Losses as required by the Policy and Class Policies.

46. As a direct and proximate result of Defendant's breaches, Plaintiff and the proposed class members have sustained damages that are continuing in nature in an amount to be determined at trial.

## Count II: Declaratory and Injunctive Relief

47. The preceding paragraphs 1 – 46 are incorporated by reference herein.

48. An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

49. Plaintiff contends that Defendant has breached the Policy and Class Policies by failing to timely pay Class Members for their respective Losses by reimbursing each member of the class for the Season Ski Pass Cost minus the applicable Daily Rate or Pro-Rata reduction (for the Epic Day Pass) for each day (or portion thereof) that the member was able to use his/her Season Ski Pass during the Ski/Snowboard Season.

50. Plaintiff, therefore, seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court to declare the aforementioned conduct of Defendant unlawful and in material breach of the Policy and Class Policies so that future controversies may be avoided.

51. Pursuant to a declaration of the parties' respective rights and duties under the Policy and Class Policies, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy and Class Policies; and (2) ordering Defendant to comply with the terms of the Policy and Class Policies including payment of all amounts due.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

(a) That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

(b) For a judgment against Defendant for the causes of action alleged against it;

(c) For compensatory damages in an amount to be proven at trial;

(d) For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy and Class Policies;

(e) For appropriate injunctive relief, enjoining Defendant from continuing to

      engage in conduct related to the breach of the Policy and Class Policies;

(f) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(g) For Plaintiffs' attorney's fees;

(h) For Plaintiffs' costs incurred; and

(i) For such other relief in law or equity as the Court deems just and proper.

DATED this __27th__ day of July, 2020.

          /s/ *Robert W. Gibbons* (13221)
          ROBERT W. GIBBONS
          Attorney for Plaintiffs

# EXHIBIT A



**American Claims Management**
PO Box 9030
Carlsbad, CA 92018-9030

Innovative Solutions.
Exceptional Results.

June 11, 2020

Marcus Mair
563 saddle view way #19
Park city, UT 84060

| | | |
|---|---|---|
| Claim Number | : | 69066079 |
| Date of Loss | : | 03/12/2020 |
| Re | : | Certificate of Ski Pass Insurance |
| Season | : | 2019 to 2020 |

Dear Guest:

American Claims Management (hereinafter "ACM") is the authorized claims representative of United Specialty Insurance Company (hereinafter "USIC"). If the premium was paid, USIC issued a Certificate of Season Ski Pass Insurance (hereinafter "Policy") to you for the 2019-2020 ski/snowboard season. A copy of that Policy is available to you via the FAQ section of following web link: https://www.epicpass.com/info/pass-insurance.aspx. We are happy to provide you with a copy of the Policy upon your request.

The basis of you not being able to use your pass may include, but not limited to, Vail Resorts' decision to close their North American Resorts on March 15, 2020 instead of April 15, 2020, travel restrictions imposed due to the COVID-19 pandemic, isolation to prevent the spread of COVID-19, or other reason(s), not including contraction of the virus, but associated with COVID-19.

Based upon review of the Policy issued to you by USIC, we regret to inform you there is no coverage provided for your claim under the USIC Certificate of Season Ski Pass Insurance. Our coverage position is explained below. Please refer to Vail Resorts' website for additional information. The website address is as follows: https://www.epicpass.com.

### The Policy

Certain provisions of the USIC Policy are discussed below. Please note, however, that our discussion involves only a partial recitation of the terms, conditions, limitations, and exclusions contained in the USIC Policy. It is not intended to supplement, amend, supersede or otherwise alter the USIC Policy. USIC does not intend to waive any provision of the USIC Policy by virtue of its discussion. Please consult your copy of the USIC Policy for a complete listing of all the terms, conditions, limitations, and exclusions contained therein.

**INSURING AGREEMENT**: *We will provide insurance under the Master Policy in consideration of your payment of the Premium.*

**PROPERTY INSURED AND COVERAGE LIMITS:** *We cover the Season Ski Pass Cost you paid. We cover you against the risk of not being able to use your Season Ski Pass due to a covered peril. We will reimburse you for the Season Ski Pass Cost minus the applicable Daily Rate or Pro-Rata reduction (for the Epic Day Pass) for each day (or portion thereof) that you have used your Season Ski Pass during the Ski/Snowboard Season.*

**PERILS INSURED AGAINST:** *: Subject to the Exclusions and Coverage Limits, the Insured has coverage against Loss of use of your Season Ski Pass if caused by any one of the following unforeseen perils occurring after the effective date of coverage:*



**American Claims Management**
PO Box 9030
Carlsbad, CA 92018-9030

Innovative Solutions.
Exceptional Results.

a) Sickness, Injury or death of you or a Family Member;

d) The Destination Resort closes indefinitely due to a Natural Disaster (this coverage does not apply if you reside in a state with more than one Destination Resort and at least one of the other Destination Resorts is operating);

e) You are subpoenaed, required to serve on a jury, hijacked, quarantined or your travel visa is denied;

f) You are called to military service; your military leave is revoked; you are deployed or you are reassigned;

i) You are unable to use your Season Ski Pass due to the inability to travel to the United States due to a U.S. Tourist Visa rejection or denial or failure to obtain the visa required to enter the United States.

**EXCLUSIONS:** We do not cover any Loss caused by or resulting from:

d) mental, nervous or psychological conditions or disorders, including but not limited to: anxiety, depression, neurosis, phobia, psychosis, or any related physical manifestations thereof;

f) Loss that occurs when this coverage is not in effect;

**DEFINITIONS**

**EFFECTIVE DATE OF COVERAGE:** This insurance will be effective immediately upon acceptance by us of the Premium and shall remain in effect until the last day of the Ski/Snowboard Season or the date upon which ski operations are ceased due to an unforeseen event, whichever is earlier.

**DAILY RATE** - means $95 per day for an adult pass (age 13 and up) at all Destination Resorts except; $50 per day at Stevens Pass, Okemo, Stowe and Sunapee; $35 per day at Afton Alps, Mt. Brighton and Wilmot Mtn. DAILY RATE for a child pass (age 12 and under) is $35 per day at all Destination Resorts except $15 per day at Afton Alps, Mt. Brighton and Wilmot Mtn. The DAILY RATE does not apply to Epic Day Pass. Usage reduction for Epic Day pass will be pro-rated for each usage day and if all days have been used there is no refund.

**FAMILY MEMBER** - means the Season Ski Pass Holder's spouse, child, domestic partner, daughter-in-law, son-in-law, brother, sister, mother, father, grandparents, grandchild, step-child, step-brother, step-sister, step-parents, parents-in-law, brother-in-law, sister-in-law, aunt, uncle, niece, nephew, legal guardian, caregiver, foster child, ward or legal ward.

**NATURAL DISASTER** - means a flood, hurricane, tornado, earthquake, fire, wildfire, volcanic eruption, or blizzard that is due to natural causes.

**PHYSICIAN** - means a licensed practitioner including medical, surgical, or dental, services acting within the scope of his/her license. The treating Physician may not be the Season Ski Pass Holder, Insured, a traveling companion, a Family Member, or a business partner.

**SICKNESS** - in the case of you means an illness or disease diagnosed while your coverage is in effect that is treated by a Physician and that prevents your use of your Season Ski Pass, as certified by a Physician at the time of Loss; and as to a Family Member means an illness or disease diagnosed while your coverage is in effect that is treated by a Physician that is either life threatening or requires your care, as certified by a Physician.

**Insurance Company Position**



American Claims Management
PO Box 9030
Carlsbad, CA 92018-9030

Innovative Solutions.
Exceptional Results.

Under the Policy, USIC agreed to cover the Season Ski Pass cost you paid in the event you could not use your pass due to a covered peril, subject to limitations, terms, and conditions contained in the Policy. Please be advised that regardless of the reason causing you to lose the ability to use your pass, if you are not an insured, you are ineligible for reimbursement of your pass price, or any portion thereof, from the Policy. Please also note there is no reimbursement of the cost of your pass if the number of times you used your pass, multiplied by the applicable daily rate, exceeds your pass price.

Please be advised that per the definition of "Effective Date of Coverage" coverage started on the day the premium of this insurance was received and ended on March 15, 2020 which is the last day of the ski/snowboarding season at Vail Resorts. There is no coverage for any peril occurring outside the coverage period.

Your file was designated as one filed due to either Vail Resort's early closing of their North American Resorts, domestic, and international travel restrictions imposed due to the COVID-19 pandemic, or other reason(s), not including contraction of the virus, but associated with COVID-19.

Be advised, in the event you are military personnel, and your leave was revoked prior to March 15, 2020 due to the COVID-19 pandemic, your claim will be accepted under peril (f) upon our receipt and review of the order revoking your leave.

The Policy does not provide reimbursement for governmental authority(s) recommendation to avoid and/or bars domestic travel, and/or "hold in place". If you were unable to use your Ski Pass due to the inability to travel to the United States due to a U.S. Tourist Visa rejection, your claim is covered under peril (i) if the rejection occurred prior to the end of the coverage period. Confirmation of the Visa rejection is needed and should be sent to us for review.

In further review, the concern of you or a family member contracting the virus is not covered under **peril (a)** because it is not "Sickness", as that term is defined by the Policy. In the event your "Physician" certified you or a family member contracted the disease, please have your "Physician" complete the medical form previously sent to you and return it to our office for our review and further determination of coverage.

In the event of quarantine, as mentioned by **peril (e)**, coverage may apply in the event you are diagnosed as having or suspected of having COVID-19. If you are quarantined, by "Physician's" orders, before March 15, 2020, provide us with your "Physician's" certification that your "Physician" placed you in quarantine. We will review the "Physician's" order to determine whether coverage applies.

Further, Vail Resorts' decision to close their resorts due to the concern of COVID-19 is not covered under **peril (d)** since the reason of the closure is not a "Natural Disaster" as defined by the Policy.

Please also note that anxiety, depression, psychological disorders, etc., experienced due to concerns of COVID-19, or travel restrictions imposed, causing the inability to use your pass will disqualify any reimbursement pursuant to **exclusion (d)**.

USIC reserves the right under the Policy and applicable law to cite additional Policy provisions as may be appropriate that may further limit the application of coverage under the applicable coverage parts of the USIC Policy. The foregoing letter is premised upon the information previously obtained, and the terms and conditions of the Policy. By limiting Policy references to those cited, USIC does not waive any other Policy provisions. The Policy in its entirety is incorporated by reference as if it had been stated in full.

If you have additional information which you believe may affect this coverage position, please immediately forward it to ACM as it may affect our determination of coverage.

Sincerely,


Kiara Torres Jimenez
Claims Adjuster
(760) 710-6876
Fax number: (760) 827-4844
kjimenez@acmclaims.com

**Several states, within the United States of America, require ACM, working on behalf of USIC, to include specific language within this letter. If you are a resident of one of those states, see below:**

**California**

If you believe this claim has been wrongfully denied or rejected, you may have the matter reviewed by the California



American Claims Management
PO Box 9030
Carlsbad, CA 92018-9030

Innovative Solutions.
Exceptional Results.

Department of Insurance. The address is State of California Department of Insurance, Claims Services Bureau, 11th Floor, 300 South Spring Street, South Tower, Los Angeles, California 90013. The telephone number is 1-800-927-4357 (Calling from within CA); 213-897-8921 (Outside California).

## Connecticut

If you do not agree with this decision, you may contact the Division of Consumer Affairs within the Insurance Department.
Connecticut Insurance Department
Consumer Affairs Division
P.O. Box 816
Hartford, CT 06142-0816
800-203-3447 or (860) 297-3900
E-mail address: ctinsdept.consumeraffairs@po.state.ct.us

## Florida

Your Insurers are committed to the prompt and fair handling of all claims for coverage. If you believe that our position is incorrect or constitutes a wrongful denial, reservation of rights or rejection of this claim, you may have the matter reviewed by the Florida Division of Consumer Services by calling (877) 693-5236, or by writing to the Division at this address:
Florida Chief Financial Officer
Division of Consumer Services,
200 East Gaines Street,
Tallahassee, FL 32399-0322

## Illinois

Further to Part 919 of the Rules of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 W. Randolph Street, Suite 15-100, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

## Nebraska

If you believe this claim has been wrongfully denied or rejected, you may have the matter reviewed by the Nebraska Department of Insurance. The address is:
941 "0" Street, Suite 400
Lincoln, NE 68508-3639
(409) 471-2201
(409) 471-4610- Fax

## New Hampshire

   We will, of course, be available to you to discuss the position we have taken. Should you, however, wish to take this matter up with the New Hampshire insurance department, it maintains a service division to investigate complaints at 21 South Fruit Street, Suite 14, Concord, New Hampshire 03301. The New Hampshire insurance department can be reached, toll-free, by dialling 1-800-852-3416.

## New Mexico

If you believe that the Company has wrongfully denied or rejected any part of this claim, you may have the New Mexico Department of Insurance review the matter. The address and telephone number of the appropriate unit at the Department of Insurance is:
New Mexico Public Regulation Commission
Insurance Division
1120 Paseo De Peralta
P.O. Box 1269
Santa Fe, NM 87501
Phone: (888) 427-5772

## New York

Should you wish to take this matter up with the New York State Insurance Department, you may file with the Department either

 American Claims Management
PO Box 9030
Carlsbad, CA 92018-9030

Innovative Solutions.
Exceptional Results.

on its website at:

www.ins.state.ny.us/complhow.htm

Or you may write to or visit the Consumer Services Bureau, New York State Insurance Department at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

### Rhode Island

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the Department may have jurisdiction pursuant to R.I. Gen. Laws § 27-9.1-6 and therefore, you may be able to have the matter reviewed by the Department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an Insurer to pay a claim. Rhode Island Department of Business Regulation Insurance Division 233 Richmond Street, Providence, Rhode Island 02903 The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at 401-462-9520.

### Washington

If you have questions or concerns about the actions of your insurance company or agent, or would like information on your rights to file an appeal, contact the Washington state Office of the Insurance Commissioner's consumer protection hotline at 1-800-562-6900 or visit www.insurance.wa.gov. The insurance commissioner protects and educates insurance consumers, advances the public interest, and provides fair and efficient regulation of the insurance industry.

### West Virginia

If you believe this claim has been wrongfully denied or rejected, you may have the matter reviewed by the West Virginia Consumer Service Division:
West Virginia Offices of Insurance Commissioner
Attn: Consumer Service Division
P.O. Box 50540
Charleston, West Virginia 25305-0540
Telephone: Toll Free 1-888-TRY WVIC (888-879-9842) TTY 1-800-435-7381
Website address: www.wvinsurance.gov

# EXHIBIT B

## CERTIFICATE OF SEASON SKI PASS INSURANCE

**UNITED SPECIALTY INSURANCE COMPANY**
**SEASON SKI PASS INSURANCE COVERAGE UNDER MASTER POLICY NUMBER: EYHBDISP0317**
This is to certify that the undersigned has arranged insurance as hereinafter specified and underwritten by United Specialty Insurance Company.
Please keep this document as your record of coverage under the plan.

---

**INSURING AGREEMENT:** We will provide insurance under the Master Policy in consideration of your payment of the Premium.
**EFFECTIVE DATE OF COVERAGE:** This insurance will be effective immediately upon acceptance by us of the Premium and shall remain in effect until the last day of the Ski/Snowboard Season or the date upon which ski operations are ceased due to an unforeseen event, whichever is earlier.
**PROPERTY INSURED AND COVERAGE LIMITS:** We cover the Season Ski Pass Cost you paid. We cover you against the risk of not being able to use your Season Ski Pass due to a covered peril. We will reimburse you for the Season Ski Pass Cost minus the applicable Daily Rate or Pro-Rata reduction (for the Epic Day Pass) for each day (or portion thereof) that you have used your Season Ski Pass during the Ski/Snowboard Season.

---

**PERILS INSURED AGAINST:** Subject to the Exclusions and Coverage Limits, the Insured has coverage against Loss of use of your Season Ski Pass if caused by any one of the following unforeseen perils *occurring after the effective date of coverage:*

a) Sickness, Injury or death of you or a Family Member;
b) You have a Pregnancy or Childbirth verified by medical records; coverage is included for pregnant Season Ski Pass Holder's spouse or domestic partner and minor child;
c) Your Primary Residence being made Uninhabitable by Natural Disaster;
d) The Destination Resort closes indefinitely due to a Natural Disaster (this coverage does not apply if you reside in a state with more than one Destination Resort and at least one of the other Destination Resorts is operating);
e) You are subpoenaed, required to serve on a jury, hijacked, quarantined or your travel visa is denied;
f) You are called to military service; your military leave is revoked; you are deployed or you are reassigned;
g) You **or a resident relative** have an involuntary, employer-initiated transfer that: (i) is within the same organization for which you **or a resident relative** have been continuously employed for at least one year immediately preceding the transfer; and **(ii)** involves your **or a resident relatives** relocation to a Primary Residence 100 or more miles from your current Primary Residence;
h) You **or a resident relative** are involuntarily terminated or laid off by an employer for whom you **or a resident relative** have been continuously employed for at least one-year immediately preceding the termination or lay off; or involves a non-renewal of a work visa. This provision is not applicable to temporary employment, independent contractors or self-employed persons;
i) You are a Student (i) who transfers to a school located 100 or more miles from your current school; (ii) who is accepted into a foreign study program that will cause you to be out of the country during the ski season; (iii) who graduates and accepts a job that is 100 or more miles from your current residence.
j) You are unable to use your Season Ski Pass due to the inability to travel to the United States due to a U.S. Tourist Visa rejection or denial or failure to obtain the visa required to enter the United States. Evidence of visa application and copy of formal rejection or denial will be required as proof of loss.

**EXCLUSIONS:** We do not cover any Loss caused by or resulting from:

a) an intentional act, except for suicide or attempted suicide by you or a family member.
b) any felony or criminal acts committed by you;
d) mental, nervous or psychological conditions or disorders, including but not limited to: anxiety, depression, neurosis, phobia, psychosis, or any related physical manifestations thereof;
e) use of narcotics, controlled substances or alcohol;
f) Loss that occurs when this coverage is not in effect;
g) An Injury, Sickness or other medical condition which, within the 120 day period immediately preceding your coverage effective date: (i) first manifested itself, worsened or became acute or had symptoms which would have prompted a reasonable person to seek diagnosis, care or treatment; (ii) for which care or treatment was given or recommended by a Physician; or (iii) required taking prescription drugs or medicines, unless the condition for which the drugs or medicines are taken remains controlled without any change in the required prescription drugs or medicines.
h) Hostile or warlike action in time of peace or war, including action in hindering, combating, or defending against an actual, impending or expected attack, by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or by military, naval or air forces or by an agent of any such government, power, authority or forces, it being understood that any discharge, explosion or use of any weapon of war employing nuclear fission or fusion shall be conclusively presumed to be such a hostile or warlike action by such governmental power, authority or forces. Civil disorder, riot, insurrection, rebellion, revolution, civil war, usurped power or action taken by governmental authority in hindering, combating or defending against such an occurrence, and seizure or destruction under quarantine, or customs regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

Exclusion g. is waived if the following conditions are met: 1. The Season Ski Pass Insurance is purchased at the same time you make the Initial Payment for the Season Ski Pass; or 2. All the Insured's are medically able to ski/snowboard when the Season Ski Pass Insurance Cost is paid. The Initial Payment means the first payment made to the Insured's Season Ski Pass Supplier toward the cost of the Season Ski Pass.

**DEFINITIONS:**
**DAILY RATE** – means $95 per day for an adult pass (age 13 and up) at all Destination Resorts except; $50 per day at Stevens Pass, Okemo, Stowe and Sunapee; $35 per day at Afton Alps, Mt. Brighton and Wilmot Mtn. **DAILY RATE** for a child pass (age 12 and under) is $35 per day at all Destination Resorts except $15 per day at Afton Alps, Mt. Brighton and Wilmot Mtn. The DAILY RATE does not apply to Epic Day Pass. Usage reduction for Epic Day pass will be pro-rated for each usage day and if all days have been used there is no refund.
**DESTINATION RESORT** – means the ski resort where you expected to use your Season Ski Pass.
**INJURY** – in the case of you means accidental bodily injury that occurs while your coverage is in effect that prevents your use of your Season Ski Pass, as certified by a Physician at the time of Loss; and as to a Family Member, means accidental bodily injury that occurs while your coverage is in effect and that is either life threatening or requires your care, as certified by a Physician.
**INSURED** – means any person for whom the Premium has been paid and accepted by us.
**FAMILY MEMBER** - means the Season Ski Pass Holder's spouse, child, domestic partner, daughter-in-law, son-in-law, brother, sister, mother, father, grandparents, grandchild, step-child, step-brother, step-sister, step-parents, parents-in-law, brother-in-law, sister-in-law, aunt, uncle, niece, nephew, legal guardian, caregiver, foster child, ward or legal ward.
**LOSS –** means your inability to use your Season Ski Pass due to an unforeseen event, occurrence or circumstance.
**NATURAL DISASTER** – means a flood, hurricane, tornado, earthquake, fire, wildfire, volcanic eruption, or blizzard that is due to natural causes.
**PHYSICIAN** – means a licensed practitioner including medical, surgical, or dental, services acting within the scope of his/her license. The treating Physician may not be the Season Ski Pass Holder, Insured, a traveling companion, a Family Member, or a business partner.
**PREMIUM** – means the amount paid for the Season Ski Pass insurance coverage. Premium is 100% fully earned at inception. Premium includes 3% Colorado Surplus Lines Tax.
**PRIMARY RESIDENCE** – means your fixed, permanent and principal home for legal and tax purposes.
**RESIDENT RELATIVE** – means a person who is either the spouse (or domestic partner) or blood relation of the Insured and lives in the same home.
**SEASON SKI PASS HOLDER** – means the person whose name and likeness appear on the Season Ski Pass issued by the Season Ski Pass Supplier.

Certificate of Insurance – Ski Pass Coverage v1 2019-20 season

**SEASON SKI PASS SUPPLIER** – means any company that provides a Season Ski Pass for purchase.
**SEASON SKI PASS** – means any lift ticket access pass for multiple day usage throughout the duration of the Ski/Snowboard Season.
**SICKNESS** – in the case of you means an illness or disease diagnosed while your coverage is in effect that is treated by a Physician and that prevents your use of your Season Ski Pass, as certified by a Physician at the time of Loss; and as to a Family Member means an illness or disease diagnosed while your coverage is in effect that is treated by a Physician that is either life threatening or requires your care, as certified by a Physician.
**SKI/SNOWBOARD SEASON** –  the period starting on October 15, 2019 and ending on April 15, 2020.
**SEASON SKI PASS COST** – means the purchase price of the Season Ski Pass.
**STUDENT** – means college student with at least twelve (12) credits for undergrads or six (6) for graduate students.
**UNINHABITABLE** - means the building structure is unstable and there is risk of collapse in whole or in part; or there is exterior or structural damage allowing elemental intrusions, such as rain, wind, hail or flood; or there are immediate safety hazards that have yet to be cleared and the home cannot be occupied.
**WE, US, or OUR** – means United Specialty Insurance Company.
**YOU or YOUR** – means the Insured, as the context requires.

**TERMINATION OF INSURANCE:** This insurance shall automatically terminate without notice to you on the last day of the Ski/Snowboard Season.

**VALUATION:** The value of the Season Ski Pass will be determined at the time of Loss and will be the Season Ski Pass Cost minus the applicable Daily Rate for each day (or portion thereof) that you have used of your Season Ski Pass during the Ski/Snowboard Season.

**OTHER INSURANCE:** If a Loss is also covered by other insurance, we will pay only the proportion of the Loss that this amount of insurance bears to the total amount of insurance covering the Loss.

**DUTIES YOU HAVE AFTER A LOSS:** You will give prompt notice to our authorized representative, listed below.  The notice should include: a description of the Loss, the name of the Season Ski Pass Supplier, the Season Ski Pass Cost, and the date the Season Ski Pass was purchased.  All claims under the Policy **must be submitted as soon as reasonably possible but, in any event, no later than July 15, 2020.**

| | | |
|---|---|---|
| IF YOU HAVE A LOSS: write to: | American Claims Management P.O. Box 9030 Carlsbad, CA  92011-9030 | Telephone  #1-877-895-1297 *International Calling:  +1-385-219-3411* |
| Or email to: | NewLosses@ACMClaims.com | Or fax #760-827-4081 |
| Or report online via smartphone or computer | https://www.acmclaims.com/secureforms2/claim/vail | |

**PROOF OF LOSS:**  Documentation requested must be provided to American Claims Management no more than 90 days after a covered Loss occurs or claim is made, or as soon after that as is reasonably possible.  Failure to provide acceptable proof of loss will cause your claim to be closed without payment.

**CONCEALMENT, MISREPRESENTATION AND FRAUD:** If you commit fraud by intentionally concealing or misrepresenting a material fact concerning the insurance evidenced by this Certificate you will void your insurance under this policy and be subject to prosecution.

**EXAMINATION UNDER OATH:** Before recovering for any Loss, if requested, you:
Will send us a sworn statement of loss containing the information we request to settle your claim within 60 days of our request;
Will agree to examinations under oath at our request;
Will produce others for examination under oath at our request;
Will provide us with all pertinent records needed to prove the loss; and
Will cooperate with us in the investigation or settlement of the loss

**LOSS PAYMENT/OTHER RECOVERIES:** We will pay or make good any covered Loss under the insurance evidenced by this Certificate within 30 days after we reach agreement with you, or the entry of final judgment or the filing of an arbitration award, whichever is earlier.  We will not be liable for any part of a Loss which has been paid or made good by others.

**LEGAL ACTION AGAINST US:** No one may bring legal action against us unless there has been full compliance with all terms of the insurance evidenced by this Certificate; and
such action is brought within one  year after you first have knowledge of a Loss.
**TRANSFER OF COVERAGE:** Coverage under the policy cannot be transferred by the Insured to anyone else.
**OPTIONAL ARBITRATION:**  In the event you and we fail to agree as to the interpretation or applicability of any of the terms of our Insurance, you may elect to resolve the disagreement by binding arbitration in accordance with the statutory rules and procedures of the state of Colorado or in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  This option is granted to you subject to the following terms and conditions:
Any arbitration claim instituted to determine coverage under the insurance evidenced by this Certificate must be filed within one year of the occurrence causing the Loss (which in the case of Sickness is the date you first experience symptoms, and in the case of Injury is the date the Injury occurs).
This optional arbitration clause is intended to grant an additional right to you.  All other terms and conditions of this contract remain the same, and no rights or duties of yours or ours shall be diminished or negated by reason of this clause or exercise of this option.
**CANCELLATION:** The insurance evidenced by this Certificate may be canceled at any time by you, upon providing notice in writing to us or Beecher Carlson Insurance Services LLC. Premium is fully earned and there shall be no return premium due you.
**CHANGES:** This Certificate and the Master Policy contains agreements between you and us concerning the insurance afforded. This Certificate's terms can be amended or waived only by endorsement issued by us and made a part of the Master Policy.
**SERVICE OF SUIT**:  In the event the Company fails to pay any amount claimed to be due, the Company, at the insured's request, will submit to a court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction. All matters arising hereunder shall be determined in accordance with the law and practice of such court. Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefore, the Company designates the Superintendent, Commissioner or Director of Insurance, or other officer specified for that purpose in the Statute, or his successor or successors in office, as our true and lawful attorney
upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance, and hereby designated the above named as the person to whom the said officer is authorized to mail such process or a true copy thereof.
**IF YOU HAVE ANY QUESTIONS REGARDING THE INSURANCE COVERAGE PROVIDED BY THIS CERTIFICATE:  Please contact your agent:**

| | |
|---|---|
| Beecher Carlson Insurance Services 8000 E. Maplewood Ave.,  Suite 350 Greenwood Village, CO  80111 | *Telephone  # 303-996-5456 or #303-996-5413* *Or fax #770-870-3067* *Or email:  btaylor@beechercarlson.com or shayes@beechercarlson.com* |

*This contract is delivered as a surplus lines coverage under the "Nonadmitted Insurance Act".  The insurer issuing this contract is not licensed in Colorado but is an approved nonadmitted insurer.  There is no protection under the provisions of the "Colorado Guaranty Association Act."*